# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

**No. ACM 39054**

_____

**UNITED STATES**
*Appellee*

**v.**

**Luis J. SEPULVEDA, Jr.**
Senior Airman (E-4), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

Decided 24 April 2017

_____

*Military Judge:* Mark W. Milam.

*Approved sentence:* Dishonorable discharge, confinement for 12 months, and reduction to E-1. Sentence adjudged 20 January 2016 by GCM convened at Grand Forks Air Force Base, North Dakota.

*For Appellant:* Captain Annie W. Morgan, USAF; Captain Patricia Encarnación Miranda, USAF.

*For Appellee:* Major Amanda L.K. Linares, USAF; Major Jeremy D. Gehman, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, JOHNSON, and SPERANZA, *Appellate Military Judges*.

Senior Judge MAYBERRY delivered the opinion of the court, in which Senior Judge JOHNSON and Judge SPERANZA joined.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

_____

MAYBERRY, Senior Judge:

A general court-martial composed of a military judge sitting alone convicted Appellant, consistent with his pleas, of attempted indecent visual re-

cording of Mrs. CH and acquitted him of one specification of sexual assault by digitally penetrating Ms. BS while she was asleep, one specification of sexual contact of Ms. BS by directly touching her breast with his hand while she was asleep, and one specification of indecent visual recording of Ms. BS,[1] in violation of Articles 80, 120 and 120c, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 920, 920c. The adjudged and approved sentence consisted of a bad-conduct discharge, confinement for 12 months, and reduction to E-1.

Appellant alleges that his sentence is inappropriately severe.[2] Finding no prejudicial error, we affirm the findings and sentence as approved by the convening authority.

## I. BACKGROUND

Appellant, his wife, and a number of other Grand Forks Airmen attended a party at an off-base apartment. The party started in the late afternoon but was primarily for the purpose of watching a televised boxing match later that evening. Appellant and most of the other attendees were drinking at the party. Appellant, his wife, SrA BH, and his wife, Mrs. CH, did not live in the apartment, but they planned to spend the night there. The four individuals slept in the living room, with the Airmen on the floor and their spouses on a couch. Appellant was the first of the four to wake up, and when he did he realized he could see down the shirt of Mrs. CH, who was still asleep. Because the lighting was dim, Appellant decided to use the flash on his wife's cell phone to illuminate Mrs. CH's cleavage. In an effort to further expose Mrs. CH's breasts, Appellant lifted the top of her scoop neck t-shirt. Appellant took several photographs of Mrs. CH's chest area. While doing so, Mrs. CH awoke

---

[1] The evidence associated with the Article 120 and 120c charges did not include photographs. The forensic analysis of the cell phone showed that 10 images had been taken between the last photograph of Mrs. CH and the first video of Mrs. CH, but these images had been deleted and could not be retrieved. Ms. BS and her sister (Appellant's wife) testified as to having seen the photos in the "recently deleted photo album" on Appellant's wife's phone and described their content to include photographs of Ms. BS's exposed breasts and genitalia with Appellant's hand visible in some of the photos. Ms. BS testified that she deleted the photos from that album. There was no evidence presented as to who had initially deleted the photos, or when they were deleted. The forensic technician testified that the only evidence he was able to retrieve established that at least three of the 10 deleted images were taken at the same location, during the time gap between the photos and videos of Mrs. CH.

[2] This issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

and rolled over. It was only because of her rolling over that Appellant did not fully expose her breasts. Approximately 30 minutes later, Appellant again used his wife's cell phone to make two short videos of Mrs. CH's chest area, again not fully exposing her breasts.

## II. DISCUSSION

Appellant argues that his sentence was inappropriately severe.[3] We disagree.

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

Appellant's conviction for attempting to photograph the breasts of a sleeping spouse of another Airman carried a maximum punishment of a dishonorable discharge, confinement for five years, total forfeitures of all pay and allowances, and reduction to E-1. Appellant's military record established that he was a solid performer on duty, but he had received administrative disciplinary actions on three occasions, two of which were for his conduct in the spring and early summer of 2014, shortly after the events giving rise to the charges he faced at trial.

We have given individualized consideration to Appellant, the nature and seriousness of the offense, Appellant's record of service, and all other matters contained in the record of trial. We find that the approved sentence of a bad-conduct discharge, 12 months of confinement, and reduction to E-1 was legally appropriate based on the facts and circumstances of this particular case, and was not inappropriately severe.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.

---

[3] Appellant's brief states that his sentence was pursuant to a pretrial agreement. There was no pretrial agreement in this case.

Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.[4]

FOR THE COURT

MICAH L. SMITH
Deputy Clerk of the Court

---

[4] Both the expurgated and unexpurgated court-martial orders (CMO) contain typographical errors in the Specification of Charge I. The expurgated CMO refers to "private are" instead of "private area." The unexpurgated CMO misspells the first name of the victim. We order that both versions be corrected.